UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
TOPEKA DIVISION

In re:

STEWART A. PROPHETT

        Debtor.

Case No. 12-41930-JMK

RICHARD A. WIELAND
UNITED STATES TRUSTEE,

        Plaintiff,

v.

EVERGREEN ASSOCIATES CORP.,

        Defendant.

Adv. Proc. No.

**UNITED STATES TRUSTEE'S COMPLAINT FOR
DISGORGEMENT, FINES AND INJUNCTIVE RELIEF**

**COMES NOW** the Plaintiff, the United States Trustee ("UST") and for his complaint against Evergreen Associates Corp. ("Defendant" or "Evergreen") alleges and states as follows:

In support thereof, the U.S. Trustee represents as follows:

**PARTIES**

1. Plaintiff is the United States Trustee with a business address in care of the Office of the United States Trustee, 301 N. Main, Ste. 1150, Wichita, Kansas 67202.

2. Defendant, Evergreen Associates Corp., is a California corporation with its principal office located at 211 10th Street, Suite 303, Oakland, California 94607.

3. Evergreen's registered agent for service of process is Legalzoom.com, Inc., 100 West Broadway, Suite 100, Glendale, California 91210.

4. Evergreen is a real estate firm licensed by the California Department of Real Estate, holding license number 01896653. Evergreen's designated principal officer is John Richard Rizzotti.

5. Stewart A. Prophett ("Prophett") is the individual that filed the subject voluntary petition (Doc #1, 12-41930) for relief pursuant to Chapter 13 of the Bankruptcy Code. Mr. Prophett formerly resided at 133 Olive Ct., Hercules, CA 94547. Mr. Prophett currently resides at 3230 SW Urish Rd., Topeka, Kansas 66614.

## JURISDICTION

6. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157 and 11 U.S.C. § 110. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (J), and (O). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) and 11 U.S.C. § 110.

7. Plaintiff has standing to be heard in this proceeding pursuant to 11 U.S.C. §§ 110 and 307.

## FACTS

8. In an attempt to save his home from foreclosure, Mr. Prophett contacted Evergreen to facilitate a short-sale of his California residence.

9. Evergreen then prepared a Chapter 13 petition (Doc #1, 12-41930) on behalf of Mr. Prophett.

Page 2

Case 13-07017    Doc# 1    Filed 04/30/13    Page 2 of 9

10. The petition's "street address" lists the debtor's home address at 133 Olive Ct., Hercules, California 94547. The petition's "mailing address" lists Evergreen's corporate office: 211 10th St., Ste. 303, Oakland, California, 94607.

11. Evergreen neither completed the petition's "Signature of Non-Attorney Petition Preparer", nor completed any other required disclosure and notice to debtor by a non-attorney petition preparer.

12. Evergreen then mailed to Mr. Prophett the completed bankruptcy petition, instructions on where to file the petition in Kansas, and funds in the form of a money order to cover the bankruptcy filing fee.

13. Mr. Prophett filed the bankruptcy petition (Doc #1) with this Court on December 11, 2012. The case was assigned number 12-41930.

14. Upon information and belief, Evergreen informed Mr. Prophett that 'the bankruptcy would stop the pending foreclosure and the bankruptcy case would be dismissed in a few weeks, thus allowing time for Evergreen to complete the short-sale.'

15. While the bankruptcy case has been pending, Evergreen has contacted the Chapter 13 Trustee's Office multiple times to inquire 'when the bankruptcy case would be dismissed.'

16. On March 12, 2013, Mr. Prophett filed a "Notice of Change of Address" (Doc #17) changing the debtor's address from Evergreen's corporate address: 211 10th St., Suite 303, Oakland, California 94607; to Mr. Prophett's new current residence at 3230 SW Urish Rd., Topeka, Kansas 66614.

17. Evergreen Associates Corp. has acted and continues to act as a bankruptcy petition preparer as that term is defined by 11 U.S.C. § 110.

18. Evergreen provided bankruptcy assistance to an "assisted person" in return for payment or other valuable consideration, and therefore operates as a "Debt Relief Agency," as defined by 11 U.S.C. § 101(12A).

## COUNT I
## Fraudulent or Deceptive Acts (11 U.S.C. § 110(i))

19. The United States Trustee realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 18.

20. Evergreen's deliberate scheme and conduct perpetrated a fraud upon the bankruptcy system and this Court.

21. Evergreen's intentional conduct by perpetrating a scheme to file a fraudulent bankruptcy filing in order to facilitate a short-sale of a client's property constitutes fraudulent and deceptive conduct within the provisions of 11 U.S.C. § 110(i)(1).

## COUNT II
## Unauthorized Practice of Law (11 U.S.C. §§ 105; 110(i)(1))

22. The United States Trustee realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 21.

23. Section 110(e)(2) of Title 11 provides that a bankruptcy petition preparer shall not offer a potential bankruptcy debtor any legal advice, including but not limited to advice on whether to file a petition, which chapter of the bankruptcy code is appropriate, whether the debtor will be able to retain his or her home, car or other

property, how to characterize the nature of the debtor's interests in property or debtor's debts, or advice on bankruptcy procedure and rights.

24. In addition, this Court has the power to regulate the unauthorized practice of law before it under both §§ 105 and 110 of the United States Bankruptcy Code, as well as under its inherent powers as a unit of the United States District Court. *See Lucas v. Nickens* (*In re Lucas*), 312 B.R. 559 (Bankr. D.Md. 2004).

25. Evergreen's preparing of the petition, related documents, and advancing filing fee funds, constitutes the unauthorized practice of law, and as such, is prohibited conduct pursuant to 11 U.S.C. § 110(e)(2).

26. Moreover, Evergreen's providing of legal advice to Mr. Prophett in connection with his bankruptcy case constitutes a fraudulent, unfair and deceptive act under 11 U.S.C. § 110(i)(1). *In re Gross*, 2009 WL 2882828 (Bankr. E.D. Va. 2009) (citing *In re Springs*, 358 B.R. 236, 246 (Bankr. M.D.N.C. 2006) ("[A] petition preparer who engages in the unauthorized practice of law commits an unfair or deceptive act pursuant to Section 110(i). . . ")).

## COUNT III
### Failure to Place Identifying Information on Documents Prepared
### (11 U.S.C. §§ 110(b) and 110(c))

27. The United States Trustee realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 26.

28. Evergreen prepared the petition and accompanying documents that were filed in Mr. Prophett's bankruptcy case 12-41930.

29. Evergreen violated 11 U.S.C. § 110(b) by failing to place on the petition its name, address, and signature of the individual that prepared the document.

30. Evergreen violated 11 U.S.C. § 110(c) by failing to place on the petition the social security number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.

### COUNT IV
### Excessive Fees
### (11 U.S.C. § 110(h)

31. The United States Trustee realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 30.

32. Section 110(h)(3) of Title 11 provides that the court shall disallow and order the immediate turnover to the bankruptcy trustee of any fee received and any unpaid fee charged to the debtor that is found to be in excess of the value of services rendered.

33. Based on Evergreen's fraudulent, unfair and deceptive conduct, its unauthorized practice of law, and failure to comply with the disclosure requirements of Section 110, the value of services in this case is zero ($0.00).

34. Moreover, pursuant to Section 110(h), all of Evergreen's fees received and any unpaid fees to be charged to Mr. Prophett, should be forfeited as a result of its failure to comply with subsections (b); (c); (e); (g); and (h) of Section 110.

35. Therefore, the United States Trustee prays that the court sanction Evergreen, $500 for such violation, as provided by 11 U.S.C. § 110(l).

## COUNT V
## Injunction from Acting as a Petition Preparer
## 11 U.S.C. § 110(j)

36. The United States Trustee realleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 35.

37. Evergreen has engaged in the unauthorized practice of law and prepared deceptive documents for filing with this Court in an intentional attempt to conceal its identity in order to perpetrate its real estate short-sale scheme.

38. As set forth throughout this Complaint, Evergreen has engaged in conduct in violation of various provisions of Section 110, and in particular has the conduct described in subclauses (I), (II), and (III) of Section 110(j)(2)(A)(i).

39. Given the breadth of Evergreen's serious fraudulent and deceptive conduct, an injunction, pursuant to Section 110(j), prohibiting Evergreen from acting as a bankruptcy petition preparer in any jurisdiction in the United States is appropriate and necessary.

## COUNT VI
## Damages for the debtor
## (11 U.S.C. § 110(i)(1)

40. The United States Trustee realleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 39.

41. Evergreen has engaged in in a clear pattern and practice of egregiously violating 11 U.S.C. § 110, and has committed acts which are fraudulent, unfair and deceptive.

42. Therefore, the United States Trustee prays that Evergreen be ordered to pay a sanction to the debtor, Mr. Prophett, of the greater of $2,000 or twice the amount

paid, or to be paid by Mr. Prophett to Evergreen for services, as provided by 11 U.S.C. § 110(i)(1).

## COUNT VII
### Fines for Failure to Comply with Section 110
### (11 U.S.C. § 110(l)

43. The United States Trustee realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 42.

44. As set forth in this Complaint, Evergreen has failed to comply with numerous provisions of Section 110, including subsections (b) (failure to place its name on the a document for filing); (c) (failure to disclose the social security number of the individual that prepared the documents for filing); (e) providing legal advice; and (h) (excessive fees).

45. Pursuant to Section 110(l)(1), Evergreen should be fined $500 for each such failure.

46. Moreover, pursuant to Sections 110(l)(2) and 110(l)(2)(D), the fines assessed against Evergreen under paragraph (l) shall be tripled because Evergreen failed to disclose its identity in the documents it prepared for filing in Mr. Prophett's bankruptcy case.

**WHEREFORE**, the U.S. Trustee respectfully requests that this Court enter judgment in his favor, and against Defendant Evergreen Associates Corp., as follows:

A. Ordering Defendant to pay Mr. Prophett, as a result of the fraudulent, unfair, and deceptive practices and its violation of Section 110(b), (c), (e), and (h):

    i. Mr. Prophett's actual damages;

    ii. An amount twice any fee that was charged, or was intended to be charged by the Defendant to Mr. Prophett; and

    iii.    Reasonable attorney's fees and costs in moving for damages under this section;

B. Ordering Evergreen to pay a sanction to Mr. Prophet in the amount of the greater of $2,000 or twice the amount paid and any unpaid fee charged to the debtor for services, as provided by 11 U.S.C. § 110(i)(1).

C. Ordering Evergreen Associates Corp. to pay a fine to the United States Trustee in the amount of $6,000 [$500 for each violation of subsections (b), (c), (e), and (h) of Section 110 (for a subtotal of $2,000), tripled pursuant to Section 110(l)(2)(D) for a total fine of $6,000];

D. Entering an injunction prohibiting Evergreen Associates Corp. from acting as a bankruptcy petition preparer in any jurisdiction within the United States pursuant to Section 110(j)(2); and

E. Awarding such other and further relief as is just and proper.

    RICHARD A. WIELAND
    United States Trustee

    BY *s/ Joseph DiPietro*
    JOSEPH A. DiPIETRO
    Trial Attorney
    Kan. Fed. Bar. No. AR98004
    Office of the United States Trustee
    301 North Main, Suite 1150
    Wichita, Kansas 67202
    316-269-6176
    316-269-6182-FAX
    Joseph.A.Dipietro@usdoj.gov