IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| STEWART A. PROPHETT, | ) | Case No. 12-41930-JMK |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |
| RICHARD A. WIELAND, | ) | |
| UNITED STATES TRUSTEE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No. 13-07017 |
| | ) | |
| EVERGREEN ASSOCIATES CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## Motion for Default Judgment

On April 30, 2013, the Plaintiff Richard A. Wieland, United States Trustee (the "Plaintiff") filed the Complaint seeking disgorgement, fines and injunctive relief based on Evergreen Associates Corp.'s (the "Defendant") violations of 11 U.S.C. § 110.

On August 5, 2013, the Clerk of the Bankruptcy Court entered an Entry of Default against the Defendant in accordance with Federal Rule of Civil Procedure 55(a), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7055.

Because the Defendant failed to answer or appear in this proceeding and is in default under Federal Rule of Civil Procedure 55(a), the facts alleged in the Complaint are deemed true. The Plaintiff seeks judgment against the Defendant as a result of the fraudulent, unfair, and deceptive practices in violation of 11 U.S.C. §§ 110(b),(c), (e), (h) and (i):

A. The Defendant shall pay an amount twice the fee charged ($18,000) by the Defendant to Stewart A. Prophett; therefore a total amount payable by the Defendant to Stewart A. Prophett in the amount of $36,000 pursuant to 11 U.S.C. § 110(i)(1).

B. The Defendant shall pay a fine to the United States Trustee in the amount of $6,000 [$500 for each violation of subsections (b), (c), (e), and (h) of Section 110 (for a subtotal of $2,000), tripled pursuant to Section 110(l)(2)(D) for a total fine of $6,000];

C. The Defendant shall pay to the United States Trustee reasonable attorney fees in the amount of $1,800 [$150/hr. x 12 hours], plus $1,000 pursuant to Section 110(i)(2); for a total amount of $2,800 payable to the United States Trustee;

D. That Defendant and its officers, employees, and agents are enjoined from acting in any jurisdiction of the United States as a Bankruptcy Petition Preparer pursuant to Section 110(j)(2);

E. The Defendant and its officers, employees, and agents are hereby enjoined from accepting any compensation for acting as a Bankruptcy Petition Preparer, as defined in 11 U.S.C. § 110;

F. The Defendant and its officers, employees, and agents are enjoined from

participating in any form or fashion in any jurisdiction of the United States in the rendering of legal advice and/or preparation of any petition or document which is contemplated to be filed as or in a case under Title 11 of the United States Code

G. The Defendant, nor its officers, employees, and agents shall use or direct any agents, representatives, entity, corporation, partnership, association or structure of any kind or an name, fictitious or otherwise, to act as a Bankruptcy Petition Preparer, as defined in 11 U.S.C. § 110;

H. That neither the Defendant, nor its officers, employees, and agents shall assist any person or entity in drafting or preparing any petition, schedule, motion, pleading or other document to be submitted to any court on a debtor's behalf, or under a debtor's signature. For purposes of this paragraph, the term "assist" includes, in addition to any other action that would constitute assistance under the ordinary usage of the term: (i) the gathering of information for the purposes of drafting or preparing any petition, schedule, motion, pleading or document to be filed in any bankruptcy court; (ii) the provision to a debtor of a completed petition, schedule, motion, pleading or document for the purposes of filing in any court; and/or (iii) the provision to any person of a form petition, schedule, motion, pleading of document, obtained via the internet, form book, database, or other similar source; and

I. Awarding such other and further relief as is just and proper.

The Complaint alleges the following facts that are sufficient for the Court to grant a default judgment in favor of Plaintiff:

1. Defendant, Evergreen Associates Corp., is a California corporation with its principal office located at 211 10th Street, Suite 303, Oakland, California 94607.

2. Evergreen's registered agent for service of process is Legalzoom.com, Inc., 100 West Broadway, Suite 100, Glendale, California 91210.

3. Evergreen is a real estate firm licensed by the California Department of Real Estate, holding license number 01896653. Evergreen's designated principal officer is John Richard Rizzotti.

4. Stewart A. Prophett ("Prophett") is the individual that filed the subject voluntary petition (Doc #1, 12-41930) for relief pursuant to Chapter 13 of the Bankruptcy Code. Mr. Prophett formerly resided at 133 Olive Ct., Hercules, CA 94547. Mr. Prophett currently resides at 3230 SW Urish Rd., Topeka, Kansas 66614.

5. In an attempt to save his home from foreclosure, Mr. Prophett contacted Evergreen to facilitate a short-sale of his California residence.

6. Evergreen then prepared a Chapter 13 petition (Doc #1, 12-41930) on behalf of Mr. Prophett.

7. The petition's "street address" lists the debtor's home address at 133 Olive Ct., Hercules, California 94547. The petition's "mailing address" lists Evergreen's corporate office: 211 10th St., Ste. 303, Oakland, California, 94607.

8. Evergreen neither completed the petition's "Signature of Non-Attorney Petition Preparer", nor completed any other required disclosure and notice to debtor by a non-attorney petition preparer.

9. Evergreen then mailed to Mr. Prophett the completed bankruptcy petition, instructions on where to file the petition in Kansas, and funds in the form of a money order to cover the bankruptcy filing fee.

10. Mr. Prophett filed the bankruptcy petition (Doc #1) with this Court on December 11, 2012. The case was assigned number 12-41930.

11. Upon information and belief, Evergreen informed Mr. Prophett that 'the bankruptcy would stop the pending foreclosure and the bankruptcy case would be dismissed in a few weeks, thus allowing time for Evergreen to complete the short-sale.'

12. While the bankruptcy case has been pending, Evergreen has contacted the Chapter 13 Trustee's Office multiple times to inquire 'when the bankruptcy case would be dismissed.'

13. On March 12, 2013, Mr. Prophett filed a "Notice of Change of Address" (Doc #17) changing the debtor's address from Evergreen's corporate address: 211 10th St., Suite 303, Oakland, California 94607; to Mr. Prophett's new current residence at 3230 SW Urish Rd., Topeka, Kansas 66614.

14. Evergreen Associates Corp. has acted and continues to act as a bankruptcy petition preparer as that term is defined by 11 U.S.C. § 110.

15. Evergreen provided bankruptcy assistance to an "assisted person" in return for payment or other valuable consideration, and therefore operates as a "Debt Relief Agency," as defined by 11 U.S.C. § 101(12A).

## COUNT I
## Fraudulent or Deceptive Acts (11 U.S.C. § 110(i))

16. Evergreen's deliberate scheme and conduct perpetrated a fraud upon the bankruptcy system and this Court.

17. Evergreen's intentional conduct by perpetrating a scheme to file a fraudulent bankruptcy filing in order to facilitate a short-sale of a client's property constitutes fraudulent and deceptive conduct within the provisions of 11 U.S.C. § 110(i)(1).

## COUNT II
## Unauthorized Practice of Law (11 U.S.C. §§ 105; 110(i)(1))

18. Section 110(e)(2) of Title 11 provides that a bankruptcy petition preparer shall not offer a potential bankruptcy debtor any legal advice, including but not limited to advice on whether to file a petition, which chapter of the bankruptcy code is appropriate, whether the debtor will be able to retain his or her home, car or other property, how to characterize the nature of the debtor's interests in property or debtor's debts, or advice on bankruptcy procedure and rights.

19. In addition, this Court has the power to regulate the unauthorized practice of law before it under both §§ 105 and 110 of the United States Bankruptcy Code, as well as under its inherent powers as a unit of the United States District Court. *See Lucas v. Nickens* (*In re Lucas*), 312 B.R. 559 (Bankr. D.Md. 2004).

20. Evergreen's preparing of the petition, related documents, and advancing filing fee funds, constitutes the unauthorized practice of law, and as such, is prohibited conduct pursuant to 11 U.S.C. § 110(e)(2).

21. Moreover, Evergreen's providing of legal advice to Mr. Prophett in connection with his bankruptcy case constitutes a fraudulent, unfair and deceptive act under 11

6

Case 13-07017    Doc# 10    Filed 08/13/13    Page 6 of 10

U.S.C. § 110(i)(1). *In re Gross*, 2009 WL 2882828 (Bankr. E.D. Va. 2009) (citing *In re Springs*, 358 B.R. 236, 246 (Bankr. M.D.N.C. 2006) ("[A] petition preparer who engages in the unauthorized practice of law commits an unfair or deceptive act pursuant to Section 110(i). . . ")).

## COUNT III
### Failure to Place Identifying Information on Documents Prepared
### (11 U.S.C. §§ 110(b) and 110(c)

22.     Evergreen prepared the petition and accompanying documents that were filed in Mr. Prophett's bankruptcy case 12-41930.

23.     Evergreen violated 11 U.S.C. § 110(b) by failing to place on the petition its name, address, and signature of the individual that prepared the document.

24.     Evergreen violated 11 U.S.C. § 110(c) by failing to place on the petition the social security number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.

## COUNT IV
### Excessive Fees
### (11 U.S.C. § 110(h)

25.     Section 110(h)(3) of Title 11 provides that the court shall disallow and order the immediate turnover to the bankruptcy trustee of any fee received and any unpaid fee charged to the debtor that is found to be in excess of the value of services rendered.

26.     Based on Evergreen's fraudulent, unfair and deceptive conduct, its unauthorized practice of law, and failure to comply with the disclosure requirements of Section 110, the value of services in this case is zero ($0.00).

27. Moreover, pursuant to Section 110(h), all of Evergreen's fees received and any unpaid fees to be charged to Mr. Prophett, should be forfeited as a result of its failure to comply with subsections (b); (c); (e); and (h) of Section 110.

28. Therefore, the United States Trustee prays that the court sanction Evergreen, $500 for such violation, as provided by 11 U.S.C. § 110(l).

### COUNT V
### Injunction from Acting as a Petition Preparer
### 11 U.S.C. § 110(j)

29. Evergreen has engaged in the unauthorized practice of law and prepared deceptive documents for filing with this Court in an intentional attempt to conceal its identity in order to perpetrate its real estate short-sale scheme.

30. As set forth throughout this Complaint, Evergreen has engaged in conduct in violation of various provisions of Section 110, and in particular has the conduct described in subclauses (I), (II), and (III) of Section 110(j)(2)(A)(i).

31. Given the breadth of Evergreen's serious fraudulent and deceptive conduct, an injunction, pursuant to Section 110(j), prohibiting Evergreen from acting as a bankruptcy petition preparer in any jurisdiction in the United States is appropriate and necessary.

### COUNT VI
### Damages for the debtor
### (11 U.S.C. § 110(i)(1)

32. Evergreen has engaged in in a clear pattern and practice of egregiously violating 11 U.S.C. § 110, and has committed acts which are fraudulent, unfair and deceptive.

33. Therefore, the United States Trustee prays that Evergreen be ordered to pay a sanction to the debtor, Mr. Prophett, of the greater of $2,000 or twice the amount paid,

8

Case 13-07017    Doc# 10    Filed 08/13/13    Page 8 of 10

or to be paid by Mr. Prophett to Evergreen for services, as provided by 11 U.S.C. § 110(i)(1).

## COUNT VII
### Fines for Failure to Comply with Section 110
### (11 U.S.C. § 110(l)

34. As set forth in this Complaint, Evergreen has failed to comply with numerous provisions of Section 110, including subsections (b) (failure to place its name on the a document for filing); (c) (failure to disclose the social security number of the individual that prepared the documents for filing); (e) providing legal advice; and (h) (excessive fees).

35. Pursuant to Section 110(l)(1), Evergreen should be fined $500 for each such failure.

36. Moreover, pursuant to Sections 110(l)(2) and 110(l)(2)(D), the fines assessed against Evergreen under paragraph (l) shall be tripled because Evergreen failed to disclose its identity in the documents it prepared for filing in Mr. Prophett's bankruptcy case.

WHEREFORE, the Plaintiff prays for judgment in favor of the Plaintiff and against the Defendant as set forth herein. A proposed default judgment has been submitted simultaneously with this Motion.

Dated this 13th day of August, 2013.

        s/ *Joseph A. DiPietro*
        JOSEPH A. DiPIETRO
        Kan. Fed. Bar. No. AR98004
        Trial Attorney
        Office of the United States Trustee
        301 North Main, Suite 1150
        Wichita, Kansas 67202
        tel: 316-269-6214
        fax: 316-269-6182
        e-mail: Joseph.A.Dipietro@usdoj.gov