Based upon the allegations contained in the Complaint, the Defendants failure to answer the Complaint,and the affidavit of Mr. Prophett, the Court enters this judgment.



**SO ORDERED.**

**SIGNED this 20th day of August, 2013.**

_____
Janice Miller Karlin
United States Bankruptcy Judge
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| STEWART A. PROPHETT, | ) | Case No. 12-41930-JMK |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |
| RICHARD A. WIELAND, | ) | |
| UNITED STATES TRUSTEE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No. 13-07017 |
| | ) | |
| EVERGREEN ASSOCIATES CORP., | ) | |
| | ) | |
| Defendant. | ) | |

### Default Judgment

Before the Court is the Motion for Default Judgment filed by Plaintiff Richard A. Wieland, United States Trustee (the "Plaintiff") on August 12, 2013 (the

"Motion"). On April 30, 2013, the Plaintiff filed the Complaint seeking disgorgement, fines and injunctive relief based on violations of 11 U.S.C. § 110 (the "Complaint"). On August 5, 2013, the Clerk of the Bankruptcy Court entered an Entry of Default against the Defendant pursuant to Federal Rule of Civil Procedure 55(a), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7055. The Plaintiff now seeks an entry of default judgment against the Defendant pursuant to Federal Rule of Civil Procedure 55(b), as evidenced by the Motion for Default Judgment (Doc #10) and Affidavit of Stewart A. Prophett (Doc #11) filed in support of the Motion for Default Judgment.

The Court, having reviewed the pleadings in this adversary proceeding, the Chapter 13 case of Stewart A. Prophett, Case No. 12-41930, and the relevant legal authorities, and being fully advised, finds that default judgment should be entered against the Defendant resulting from its fraudulent, unfair, and deceptive practices in violation of 11 U.S.C. §§ 110(b),(c), (e), (h) and (i).

Based upon the allegations contained in the Complaint and the Defendant's failure to answer the Complaint, the Court finds that the Plaintiff has established his case as a matter of law. The Plaintiff's Motion is therefore granted and

IT IS SO ORDERED:

A. The Defendant shall pay an amount twice the fee charged ($18,000) by the Defendant to Stewart A. Prophett, therefore a total amount payable by the Defendant to Stewart A. Prophett in the amount of $36,000 pursuant to 11 U.S.C. § 110(i)(1).

B.  The Defendant shall pay a fine to the United States Trustee in the amount of $6,000 [$500 for each violation of subsections (b), (c), (e), and (h) of Section 110 (for a subtotal of $2,000), tripled pursuant to Section 110(l)(2)(D) for a total fine of $6,000];

C.  The Defendant shall pay to the United States Trustee reasonable attorney fees in the amount of $1,800 [$150/hr. x 12 hours], plus $1,000 pursuant to Section 110(i)(2); for a total amount of $2,800 payable to the United States Trustee.

D.  That Defendant and its officers, employees, and agents are enjoined from acting in any jurisdiction of the United States as a Bankruptcy Petition Preparer pursuant to Section 110(j)(2);

###

3

Case 13-07017    Doc# 12    Filed 08/20/13    Page 3 of 3